Dear Judge Molaison:
You have requested an opinion from this office with regard to whether:
 1. A "reserve" law enforcement officer in the Parish of Jefferson is entitled to compensation as a witness under LSA-R.S. 15:255;
 2. The four courts [District, First Parish, Second Parish and Juvenile] in Jefferson Parish may properly co-mingle their funds;
 3. The Jefferson Parish Council, the governing authority for the Parish of Jefferson, may pay off-duty officers and/or their departments [the witness fee provided for] under R.S. 15:255;
 4. The Jefferson Parish Council may be reimbursed for witness fee payments from funds collected by the courts;
 5. The Second Parish Court [of Jefferson Parish] may maintain its "own" special fund for costs collected by that court;
 6. The Second Parish Court [of Jefferson Parish] may authorize the Jefferson Parish Council to pay witness fees to off-duty law enforcement officers appearing in that court from the "special fund" [the costs collected by that court];
 7. The costs (funds) collected by that court [the Second Parish Court of Jefferson Parish] are for "that court only"; and
 8. Payment from those costs (funds) [collected by the Second Parish Court of Jefferson Parish] are for "cases in that court only".
Additionally, John J. Molaison, Jr., Westwego City Attorney, has requested an opinion with regard to whether LSA-R.S. 15:255 E. (1) applies to a Mayor's Court.
1. COMPENSATION OF RESERVE OFFICERS IN PARISH COURTS
I understand from your request that the "reserve" officers at issue are volunteers who have no regular working hours or set working schedule and who receive no salary or other monetary compensation from their [law enforcement] employer.
LSA-R.S. 15:255 A.(1) provides for the payment of a witness fee to law enforcement officers "in any district or parish court or any court exercising juvenile jurisdiction, during any time he is not required to report to work or perform the duties of his office."
This provision apparently conditions the payment of a witness fee on the law enforcement officer being present in court as a witness (connected with his duties) when he is "off-duty". The implication is that a witness fee should be paid to officers when they appear in court on their "free" time, that is, when they are regularly scheduled not to be on duty.
Since the "reserve" officer works when called, and does so as an uncompensated volunteer, such officers are distinguishable from those who are regularly employed for compensation and have "duty" hours and "off-duty" hours. Further, a "reserve" officer could apparently be called to duty and sent to testify at any time, in which case he would then be "on duty" and not entitled to a witness fee under Section 255.
It is therefore our opinion that "reserve" officers are not in an "off-duty" status when they are not performing their volunteer duties, and that they are therefore not entitled to the witness fee provided for by LSA-R.S. 15:255.
2. CO-MINGLING OF FUNDS BY FOUR JEFFERSON PARISH COURTS
Although not specifically stated in your opinion request, from our telephone conversation, I understand that the four separate courts you refer to are the District Court, the First and Second Parish Courts and the Juvenile Court.
LSA-R.S. 15:255 A.(1) provides for witness fees for "off-duty" law enforcement officers appearing as witnesses in district, parish or juvenile courts. Subsection D.(1) of this statute, which provides for the source, depository and method of payment of such witness fees, provides, in pertinent part, as follows:
 D. (1) Witness fees provided for by this Section shall be paid from costs of court collected in individual cases tried in district or parish courts or in any court exercising juvenile jurisdiction which shall be assessed as a part of the costs of court to be collected in such cases . . . The judge or judges of court for the judicial district wherein the parish . . . is situated shall adopt a schedule of costs that shall be applicable in each case before that court to which such costs are applicable. All of such costs shall be placed, as they are collected, in a special fund that shall be maintained and be administered by the governing authority and said authority shall pay out of said fund the witness fees herein provided for. (emphasis added)
Nothing in the quoted language requires separate funds (accounts). And the language specifying that such monies be placed in "a special fund", as opposed to the plural, "in special funds", and payment shall be made out of said "fund", again the singular, as well as the language in Subsection D. (2), which references "the special fund" (emphasis added), indicates the intent to require that all costs collected from such courts be placed in, administered as and paid from one single fund. Therefore, it is our opinion that not only can the costs of court collected in the Jefferson Parish district, parish and juvenile courts be co-mingled, but that such funds must be placed together in a single fund, and thus co-mingled.
3. PAYMENT BY JEFFERSON PARISH COUNCIL OF WITNESS FEE
LSA-R.S. 15:255 D.(1), quoted above, requires the governing authority, in this case the Jefferson Parish Council, to maintain and administer the fund into which the court costs of the district, parish and juvenile courts are deposited. It also requires the Council to pay, out of that fund, the witness fees provided for by R.S. 15:255 A.(1). Therefore, it is our opinion that the Jefferson Parish Council may pay, from the special fund maintained for such purpose, the witness fees due to off-duty law enforcement officers provided for by LSA-R.S. 15:255 A. (1). However, this Section provides for payment to the officer himself, and nothing in this Section authorizes the Council to pay a witness fee to the officer's department, as no fee is due if the officer is on duty, or if he is compensated by his employer for his appearance. LSA-R.S. 15:255 A. (1).
4. REIMBURSEMENT OF JEFFERSON PARISH COUNCIL FOR WITNESS FEES
As indicated by LSA-R.S. 15:255 D.(1), quoted above, the Jefferson Parish Council is authorized to pay the witness fees at issue from the fund of collected court costs. Therefore, as such payments should be made from the funds (monies) collected as costs by the courts and deposited into a single fund from which payments are made by the Council, there should be no issue of or need for "reimbursement".
5. MAINTENANCE BY PARISH COURT OF SEPARATE COURT COSTS FUND
LSA-R.S. 15:255 D.(1), quoted above, requires the court costs collected by the parish courts, including the Second Parish Court, to be deposited into a single fund which is maintained and administered by that court's governing authority, the Jefferson Parish Council. Therefore, it is the opinion of this office that the Second Parish Court (for the Parish of Jefferson) may not properly maintain its "own" special fund for costs collected by that court, but must deposit those monies collected as court costs into the single fund maintained by the Jefferson Parish Council.
6. AUTHORIZATION BY SECOND PARISH COURT TO PAY WITNESS FEES
LSA-R.S. 15:255 D.(1), quoted above, itself authorizes the Jefferson Parish Council to pay the witness fees at issue. This Section makes no provision for, nor requires any authorization by the court, including the Second Parish Court, for the payment of such witness fees. Therefore, it is the opinion of this office that the Council needs no authorization from the Second Parish Court to make such payments.
7. EXCLUSIVE USE BY SECOND PARISH COURT OF COLLECTED COURT COSTS
LSA-R.S. 15:255 D.(1), quoted above, requires the court costs collected by the Second Parish Court (of Jefferson Parish) to be deposited in the single special fund maintained and administered by the Jefferson Parish Council. This Subsection further authorizes the payment of witness fees due to officers appearing in the district, parish and juvenile courts of Jefferson Parish from such special fund. Therefore, it is the opinion of this office that the court costs collected by the Second Parish Court are not for the exclusive use of that court.
8. PAYMENT OF WITNESS FEES FOR SECOND PARISH COURT CASES ONLY
LSA-R.S. 15:255 D. (1), quoted above, provides for the payment out of the special fund (of collected court costs from the district, parish and juvenile courts) for "the witness fees herein provided for." This general instructive language indicates that the special fund is to be used to pay all witness fees in cases tried in those courts. Therefore, it is the opinion of this office that the court costs collected in cases tried in the Second Parish Court, and deposited into the single special fund, shall be used to pay witness fees of officers who are required to be present in cases tried in any of those courts.
APPLICABILITY OF LSA-R.S. 15:255 E. (1) TO MAYOR'S COURT
LSA-R.S. 15:255 E. (1) provides, in pertinent part, as follows:
 E. (1) The governing authority of each municipality having a city court shall pay to each law enforcement officer who [appears as a witness in] . . . any criminal case being tried in the city court . . . (emphasis added)
By its terms, LSA-R.S. 15:255 E. (1) is limited to cases tried in city courts. Also, LSA-R.S. 15:255 A. (1) makes provision for witness fees in district or parish court or any court exercising juvenile jurisdiction. Presumably, provision could have been made for such payment to witnesses in Mayor's courts; however, no such provision has been made in Section 255. Therefore, it is our opinion that LSA-R.S. 15:255 E. (1) does not apply to law enforcement officers appearing as witnesses in a Mayor's Court.
Trusting this to be sufficient for your purposes, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-1723o